**ALLIANT TECHSYSTEMS, INC.,** Global Environmental Solutions Business Division, Plaintiff–Appellant,

v.

**UNITED STATES,** Defendant–Cross Appellant.

Nos. 98–5016, 98–5044.

United States Court of Appeals, Federal Circuit.

Aug. 10, 1999.

Robert K. Huffman, for plaintiff-appellant. With him on the brief were Alan I. Horowitz and Lynda Troutman O'Sullivan.

G. Michael Harvey, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant-cross appellant. With him on the brief were David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director. Of counsel on the brief was Ralph E. Avery, Litigation Attorney, U.S. Army Litigation Center, Arlington, Virginia.

Before PLAGER, BRYSON, and GAJARSA, Circuit Judges.

## ON PETITION FOR REHEARING

### PER CURIAM

In its petition for rehearing, Alliant raises two issues that it contends are presented in light of the ground on which we

decided this case in our initial opinion. We take this occasion to respond to the two issues Alliant has called to our attention.

Alliant first contends that the reference in the disputes clause to "claims arising under" the contract does not apply to the breach of contract claim it made in this case. For that reason, Alliant argues, it was not required to continue performance pending resolution of that claim. Alliant argues that only the alternate disputes clause set forth at 48 C.F.R. § 52.233–1, which refers to "claims arising under or relating to" the contract, covers contractor claims for breach of contract, and that only if Alliant's contract had contained the alternate disputes clause would Alliant have had to perform pending the resolution of its claim.

■ Alliant's challenge fails because, even assuming Alliant is right that breach of contract claims are not covered by the standard disputes clause—an issue we do not decide—Alliant did not present its claim as one for breach of contract. Instead, it sought a ruling that under the terms of the contract it was not required to perform the option. Neither of the letters that Alliant submitted to the contracting officer mentioned breach of contract, and Alliant's complaint in the Court of Federal Claims did not allege that the government breached the contract or request any damages for breach. What Alliant alleged was that the government's attempted option exercise was "invalid" because it did not comport with the option clause, and that the government was therefore not entitled to invoke its rights under that clause. While our original opinion considered whether the government had committed a breach by imposing a cardinal change, that analytical step did not change the nature of Alliant's claim.

Alliant traces the language of the two alternative disputes clauses to the jurisdictional distinction between the boards of contract appeals and the Court of Claims prior to the Contract Disputes Act (CDA). Government contracts at that time included provisions under which the boards had jurisdiction only over cases "arising under this contract." *See United States v. Utah Constr. Co.*, 384 U.S. 394, 397–98, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966). Alliant suggests that the boards' jurisdiction was limited to disputes concerning equitable adjustments; implicit in that suggestion is the conclusion that the boards' jurisdiction did not encompass requests for declaratory judgments on issues of contract interpretation. That position, however, does not comport with the cases decided by the boards. In *Catalytic Engineering and Manufacturing Corp.*, 72–1 B.C.A. ¶ 9342, at 43,354 (ASBCA 1972), for example, the board concluded that contract interpretation "is a question cognizable under the contract" and thus within its jurisdiction. Alliant's request for interpretation of its contract therefore did "arise under the contract" as the pre-CDA boards of contract appeals understood those terms. *See McDonnell Douglas Corp.*, 83–1 B.C.A. ¶ 16,377, at 81,421 (ASBCA 1983) ("historically and traditionally, the Board has assumed jurisdiction over issues involving disputes as to the interpretation of contract provisions and determination of the rights and obligations of the parties under the provisions of a contract"). In particular, the boards' pre-CDA jurisdiction, although limited to claims "arising under" the contract, included the authority to interpret contract provisions governing the exercise of options in order to determine whether options were validly exercised. *Id.* (citing pre-CDA board decisions). Accordingly, even accepting Alliant's contention that the two alternative disputes clauses must be read in light of their pre-CDA interpretations, the standard "arising under" disputes clause in Alliant's contract required Alliant to continue performance pending the disposition of its claim, as discussed in our original opinion.

■ Alliant's second argument on rehearing is that, because the Court of Federal Claims issued a declaratory judgment that differed in some respects from the contracting officer's interpretation of Alli-

ant's obligations under the option clause, Alliant was freed of its obligations under the disputes clause. In making that argument, Alliant points to the requirement of the disputes clause that the contractor shall "comply with any decision of the Contracting Officer." The disputes clause, however, also requires the contractor to "proceed diligently with performance of [the] contract pending final resolution of any request for relief, claim, appeal, or action arising under the contract."

As we explained in the original opinion, Alliant was not obligated to act in accordance with the contracting officer's original decision to the extent that performance under the contract, as declared by the trial court, did not require it. But the other side of that coin is that to the extent the court upheld the contracting officer's deci-sion, Alliant was obligated to perform in compliance with that decision, at least pending further review. The contracting officer's decision was upheld in part by the Court of Federal Claims, and the disputes clause required Alliant to "comply with [the] decision of the contracting officer" to the extent that it was sustained. If the rule were otherwise, a party in Alliant's position could seek review of a contracting officer's decision and then disregard both the contracting officer's decision and the court's order if the court's order departed from the contracting officer's decision in any respect, no matter how minor.

The petition for rehearing is denied.