ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Samho Enterprise | ) ASBCA No. 63587 |
| | ) |
| Under Contract No. W91QVN-21-D-0042 | ) |

APPEARANCE FOR THE APPELLANT:      Ik T. Kim, Esq.
      CIL Foreign Legal Consultant Office
      Seochojungang-ro, South Korea

APPEARANCES FOR THE GOVERNMENT:    Dana J. Chase, Esq.
      Army Chief Trial Attorney
      John C. Degnan, Esq.
      MAJ Brandon P. Mark, JA
      Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE WOODROW
ON THE GOVERNMENT'S MOTION TO DISMISS

Pending before the Board is the government's motion to dismiss for lack of subject matter jurisdiction because the Board lacks authority to grant specific performance and for failure to state a claim on which relief may be granted due to the absence of a sum certain in its claim and complaint. Subsequently, the parties filed a joint statement indicating that appellant did not intend to file a response and that no additional briefing was needed.

For the reasons stated below, we grant the government's motion and dismiss the appeal without prejudice, allowing appellant to refile a proper claim with the contracting officer.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

On July 28, 2021, the Army awarded Contract No. W91QVN-21-D0042 to Samho Enterprise (Samho; appellant) for repair and preventative maintenance of food service equipment at U.S. Army Warrior Restaurants in Korea (R4, tab 1 at 1-4, 49-50). The firm-fixed-price contract had a base period of August 1, 2021, to July 31, 2022, and four one-year option periods extending to July 31, 2026 (*id.* at 50).

The contract incorporated Federal Acquisition Regulation (FAR) 52.217-9, OPTION TO EXTEND THE TERM OF THE CONTRACT (MAR 2000) (*id.* at 75). Paragraph (a) stated, in relevant part, that the government "*may* extend the term of this

1

contract by written notice . . . . [t]he preliminary notice does not commit the government to an extension" (emphasis added) (*id.*). Pursuant to paragraph (b), "[i]f the Government exercises this option, the extended contract shall be considered to include this option clause" (*id.*). Thus, this clause gives the government the unilateral right to extend the contract (provided it gives the contractor the requisite notice) at its sole discretion.

On July 22, 2022, the contracting officer (CO) sent a letter to Samho, notifying appellant that the government did not intend to exercise the first option year, effectively allowing the contract to expire at the end of the base period (R4, tabs 8; 8a).

Shortly thereafter, on July 29, 2022, appellant's counsel emailed an attorney memorandum, employee statements, and a letter to the CO (R4, tabs 9; 9a; 9b; 9c). In its memorandum, Samho alleged, among other things, that the Army's decision not to exercise the option was arbitrary and capricious (due to failure to state a reason for the decision), made in bad faith (retaliatory in nature due to complaints by Samho's employees), and as such, constituted a breach of contract. Samho requested the following remedy:

> that [Department of the Army] (DOA) rescind its decision not to exercise the option and **extend the contract at least for one more year** or DOA fully compensate for the damages incurred by the Contractor. The total damages for one year will be no less than 427,500,000 KRW.[1]

(R4, tab 9a at 6) (emphasis in original)

On October 17, 2022, the CO responded, pointing out that appellant's submission could not be accepted as a claim pursuant to the Contract Disputes Act (CDA), 41 U.S.C. § 7103(b), because it was not certified (R4, tab 11 at 1). Nonetheless, the CO provided a further explanation for why the government did not exercise the next option year for the contract, stating:

> However, since I have read your letter, please allow me to broadly respond to the substance thereof. Aside from documented performance concerns during the current contract's base year, the government's decision not to exercise the contract option was principally based upon a determination to re-structure the requirement. During the base year, the government recognized problems related to

---

[1] This amount is equivalent to approximately $315,000.

2

lead times for the delivery of materials from the U.S. These issues could not be satisfactorily addressed within the previous contract structure. The government intends to establish a BPA for such parts and to maintain a stock managed by the Government, reforming the service component of the requirement for a separate solicitation. These decision factors are recorded in contemporaneous documentation.

As such, the government's decision not to exercise the option was not primarily based upon the issues raised in your letter, but rather legitimate and documented problems with performance arising from delivery issues inherent in the terms and conditions of the contract. In order to resolve those issues, a completely new approach to the requirement was required. Such a revision was outside the scope of the previous contract and therefore mandated a decision not to exercise the option.

I hope this information clarifies the rationale supporting the government's actions.

(R4, tab 11 at 1)

On November 30, 2022, appellant's counsel emailed the CO a letter, an attorney memorandum, and employee statements (R4, tabs 13, 13a, 13b, 13c). The mailing included a certification signed by Samho (R4, tabs 13, 15, 15a). In appellant's memorandum, which was identical in content to its previous July 29, 2022 submittal, under remedy sought, Samho again requested the following:

that DOA rescind its decision not to exercise the option and *extend the contract at least for one more year* or DOA fully compensate for the damages incurred by the Contractor. The total damages for one year will be no less than 427,500,000 KRW.

(R4, tab 13b at 6) (emphasis in original)

On January 26, 2023, the CO issued a final decision[2] on Samho's July 29, 2022 certified claim. The CO's letter set forth the government's reasons for not exercising

---

[2] The letter included the following language in the reference section of the CO's letter:

the option to renew the contract for an additional one-year period.  The CO acknowledged that there were performance concerns during the contract's base year but that the "government's decision not to exercise the contract option was principally based upon a determination to re-structure the requirement."  The CO stated that restructuring the contract was outside the scope of the current contract and not "primarily based upon the issues raised" in Samho's claim, and "therefore mandated a decision not to exercise the option."  While not explicitly denying Samho's claim, the implication of the letter served as a rejection Samho's position while clarifying "the rationale supporting the government's actions."  (R4, tab 14a)

Although the final decision did not include the mandatory appeal language found at FAR 33.211(a)(4)(v) (informs the contractor that it may appeal the decision to the agency board of contract appeals within 90 days from receipt of the final decision), nevertheless, on April 20, 2023, appellant timely appealed the CO's final decision. The Board docketed the appeal as ASBCA No. 63587.  In its complaint, which requests the same relief as the claim, appellant sought the following remedy:

> Therefore, *the Contractor requests that the government rescind its decision not to exercise the option and extend the contract for at least one more year*, or fully compensate the Contractor for the damages incurred.  The Contractor *estimates that the total damages for one year would be no less than $326,276 USD* (as of this filing date, approximately, 427,500,000 KRW).  If the Contractor prevails in court, it will be adequately compensated by an award of damages for the wrongful failure to exercise the option.

(Compl. at 20) (emphasis added)

On August 9, 2023, the Board ordered the parties to file briefs addressing whether the language in the claim describing the remedy sought constituted a "sum certain" within the definition of "claim" found at FAR 2.101 and applicable Board case law.  Regarding the applicable Board case law, the Board cited *Sandoval Plumbing Repair, Inc.*, ASBCA No. 54640, 05-02 BCA ¶ 33,072 at 163,933.  Shortly thereafter, the Board followed up with a second order directing the parties to address

> Contracting Officer's Final Decision regarding Samho Enterprise's Notice of Intent submitted on 29 July 2022 against the Notice of Intent NOT to exercise the option.

> Thus, we find that this letter constitutes the CO's final decision on the matter.

the impact, if any, to the Board's jurisdiction to entertain the appeal in light of the recent decision by the United States Court of Appeals for the Federal Circuit in *ECC Int'l Constructors, LLC v. Sec'y of Army*, 79 F.4th 1364, 1380 (Fed. Cir. 2023).

On September 20, 2023, Samho filed its brief in response to the Board's orders, arguing that *ECC International Constructors* prevents dismissal for lack of a specific monetary claim and that other factors should be considered before dismissing the appeal (app. br. at 2). Samho also argued that the CO waived the sum certain issue by not addressing it in the final decision (*id.* at 6). Samho requested permission to amend its complaint if the Board were to conclude that a specific monetary amount is required (*id.* at 7). On October 20, 2023, the Army filed its opposition to Samho's brief, and on November 2, 2023, Samho filed its reply to the Army's opposition.

On March 12, 2024, the Army filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted. Subsequently, the parties filed a joint statement indicating that appellant did not intend to file a response and that no additional briefing was needed.

DECISION

## I. Standard of Review

Samho bears the burden of establishing the Board's jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C.A. §§ 7101-7109, by a preponderance of the evidence. *Parsons Glob. Servs., Inc.*, ASBCA No. 56731, 11-1 BCA, ¶ 34,632 at 170,653, *aff'd* 677 F.3d 1166 (Fed. Cir. 2012), (citing *Reynolds v. Army and Air Force Exchange Servs.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). Samho must demonstrate that it is more likely than not that the Board possesses jurisdiction to entertain this appeal.

The relevant facts are not in dispute. The government presented a statement of undisputed facts in support of its motion, and Samho failed to raise specific objections to that statement. Therefore, pursuant to our rule 7(c)(2), we deem those facts undisputed. *Enfield Enters., Inc.*, ASBCA No. 63631, 24-1 BCA ¶ 38,574 at 187,487. Therefore, our focus is on the legal questions of whether we possess jurisdiction to entertain Samho's request for relief and whether Samho's complaint states a claim upon which relief can be granted.

## II. Jurisdiction Regarding Contract Option Disputes

The Contract Disputes Act (CDA) grants this Board jurisdiction to decide appeals from contracting officer decisions related to contracts made by Department of Defense agencies. 41 U.S.C.A. §§ 7101 – 7109. This includes decisions concerning

the exercise (or non-exercise) of contractual options. *Cessna Aircraft Co. v. Dalton*, 126 F.3d 1442, 1447-48 (Fed. Cir. 1997), *cert. denied*, 525 U.S. 818 (1998) (holding that ASBCA possesses jurisdiction to entertain contractor's challenge to the Navy's exercise of a contractual option). Under the CDA, we review the claim, not the complaint, to determine whether the jurisdictional requirements have been satisfied. *See Am. Gen. Trading & Contracting*, WLL, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639.

It is well-established that the Board does not possess jurisdiction to order equitable relief, namely specific performance. *BR Goup*, ASBCA Nos. 63507, 63744, 24-1 BCA ¶ 38,699 at 188,159, citing *Tex. Eng'g Sols.*, ASBCA Nos. 53669, 54087, 03-1 BCA ¶ 32,272 at 159,660 ("the Board has neither authority nor jurisdiction to order a contract reinstated); *Erik Robinson d/b/a The Artwork Factory*, ASBCA Nos. 63727, 63809, 24-1 BCA ¶ 38,633 at 187,805 (the Board "indisputably" lacks jurisdiction to entertain a request for specific performance). We cannot order a party to take specific actions.

In this appeal, Samho's claim to the contracting officer explicitly requested that the contracting officer exercise the contractual option and extend the contract for an additional year. The claim requested:

> that *[Department of the Army] DOA rescind its decision*
> *not to exercise the option and extend the contract at least*
> *for one more year* or DOA fully compensate for the
> damages incurred by the Contractor. The total damages
> for one year will be no less than 427,500,000 KRW.

(R4, tab 9a at 6) (emphasis in original). In essence, appellant is requesting that the Board reinstate the expired contract for at least a one-year term, or award it estimated damages.

The request for the Board to order the Army to exercise the option is a request for specific performance. Specific performance is a remedy in which a court orders a party to fulfill the terms of a contract, as monetary damages would be an inadequate substitute. *Specific Performance*, BLACK'S LAW DICTIONARY (11th ed. 2019). Because Samho's claim includes a request that we order the Army to exercise the option, thereby in effect reinstating the expired contract, that aspect of the claim falls outside the Board's jurisdiction.

However, Samho's claim is not solely limited to a request for specific performance. The claim also requests, in the alternative, that "[the Army] fully compensate [Samho] for the damages incurred by the contractor" (R4, tab 9a at 6). We interpret this as a request for monetary damages stemming from the Army's

6

decision not to exercise the option to renew. The Board does possess jurisdiction to entertain Samho's claim for money damages arising from the Army's decision, focusing on whether the Army's decision was reasonable under the circumstances.

Disputes arising from options are decided under the CDA. This includes decisions concerning the exercise of contractual options. *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1264–65 (Fed. Cir. 1999), *reh'g denied*, 186 F.3d 1379 (Fed. Cir. 1999); *see also Cessna Aircraft*, 126 F.3d at 1447 (holding that ASBCA possesses jurisdiction to entertain contractor's challenge to Navy's exercise of a contractual option). Therefore, we possess jurisdiction to entertain Samho's claim insofar as it seeks monetary damages for the contracting officer's refusal to exercise the renewal option in Samho's contract.

## III. Appellant's Claim Does Not State a Sum Certain

### A. Background: the Government's Motion to Dismiss

The government moves to dismiss appellant's claim for failure to state a claim upon which relief can be granted. Specifically, the government argues for dismissal without prejudice, contending that appellant's damages claim lacks a "sum certain," a mandatory requirement under the CDA and FAR (gov't mot. at 14). The Navy contends that appellant's use of the phrase "no less than" is insufficient to state a sum certain and that the appellant itself acknowledged the difficulty in calculating a precise sum (*id.* at 12-14). The Navy proposes that a dismissal without prejudice allows the appellant to revise and resubmit its claim within the statute of limitations (*id.* at 15).

### B. Standard of Review: Failure to State a Claim

We dismiss a claim if the complaint does not allege facts plausibly suggesting entitlement to relief. *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009). Though the Board's rules have no equivalent to Federal Rules of Civil Procedure 12(B)(6) or 12(c), we recognize motions to dismiss for failure to state a claim upon which relief may be granted. *Fluor Intercontinental, Inc.*, ASBCA Nos. 62550, 62672, 22-1 BCA ¶ 38,105 at 185,095; *Parsons Gov't Servs., Inc.*, ASBCA No. 60663, 17-1 BCA ¶ 36,743 at 179,100-01. Our review encompasses the complaint, matters integral to the complaint, the case record, and the contractor's claim submitted to the contracting officer. *Fluor*, 22-1 BCA ¶ 38,105 at 185,096; *see also Lockheed Martin Integrated Sys., Inc.*, ASBCA Nos. 59508, 59509, 17-1 BCA ¶ 36,597 at 178,281.

7

### C. The Sum Certain Requirement

The CDA permits contractors to sue the United States for breach of contract, but the FAR requires that any claim for monetary relief be stated in a "sum certain." 41 U.S.C. § 7103(a); FAR § 2.101. This requirement ensures that the CO has "adequate notice of the basis and amount of the claim," enabling proper evaluation of the government's potential liability and informed decision-making. *Cont. Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). This enables the government to properly assess its potential liability, budget accordingly, and engage in meaningful settlement negotiations.

The Federal Circuit recently addressed the sum certain requirement. In *ECC Int'l Constructors, LLC v. Sec'y of the Army*, 79 F.4th 1364, 1377 (2023), the United States Court of Appeals for the Federal Circuit reversed the ASBCA's dismissal of ECC's claim, clarifying that while the CDA requires a written claim, the "sum certain" requirement originates in FAR § 2.101, not the CDA itself. Consequently, the absence of a sum certain does not deprive the Board of jurisdiction. *Id*. The appropriate remedy in such cases is dismissal without prejudice, allowing the appellant to cure the defect by resubmitting a claim stating a sum certain amount. *See Mindseeker, Inc.*, ASBCA No. 63197, 24-1 BCA ¶ 38,666 at 187,961. Therefore, the critical question is whether appellant's claim, as presented to the CO, satisfied the sum certain requirement, even if its absence would not be a jurisdictional bar.

### D. Analysis of Appellant's Claim

Appellant's claim fails to state a sum certain because it uses the qualifying language "no less than," rendering the amount uncertain. Appellant's claim to the contracting officer stated:

> that DOA rescind its decision not to exercise the option and extend the contract at least for one more year or DOA fully compensate for the damages incurred by the Contractor. *The total damages for one year will be no less than 427,500,000 KRW*.

(R4, tab 13b at 6) (emphasis added) Appellant's complaint included the same language but added the following contingency concerning the filing date: *The Contractor estimates that the total damages* for one year *would be no less than $326,276 USD* (as of this filing date, approximately, 427,500,000 KRW). (Compl. at 20) (emphasis added).

Appellant urges us to preserve its claim, contending that dismissal for failure to state a sum certain is not appropriate under *Parsons Gov't Svcs.*, because we cannot

conclusively determine that appellant is unable to "prove any set of facts in support of its claim that would entitle it to relief." Appellant contends that the complex nature of its damages and the inherent difficulty in calculating certain elements suggest that the failure to state a sum certain does not conclusively render the claim unprovable (app. br. at 3, 5).

Appellant's reliance on *Parsons* is misplaced. *Parsons* involved a claim that was legally impossible, regardless of the amount requested. In *Parsons*, the Board dismissed the claim, not because it failed to state a sum certain, but because the claim alleged the government violated a federal fiscal statute. According to the Board, the statute did "not enable contractors to assert a private cause of action," and consequently, there was no way that Parsons could prove any set of facts in support of its claim that would entitle it to relief. *Parsons Gov't Servs.*, 17-1 BCA ¶ 36,743 at 179,100-01. Here, the claim may be arguably valid, but it is procedurally deficient for failing to state a sum certain. The two are distinct issues.

Moreover, as the Federal Circuit held in *ECC International*, a sum certain is a *mandatory* element of a CDA claim. 79 F.4th at 1377. The relevant question is not whether the claim as stated is "unprovable," but whether the claim satisfies the mandatory requirement of stating a sum certain. "A claim that does not state a sum certain has not sufficiently pleaded the elements of a claim under the CDA and may be denied by the contracting officer and dismissed on appeal to [the Board] for failure to state a claim." *Id.* at 1381. In our view, the qualifying language of "no less than $326,276" fails to provide the contracting officer with adequate notice of the amount of the claim.

We have consistently held that the use of qualifying language in describing a requested amount does not constitute a sum certain. In *J.P. Donavan Constr., Inc.*, ASBCA No. 55335, 10-2 BCA ¶ 34,509 at 170,171, *aff'd*, 469 Fed. Appx. 903 (Fed. Cir. 2012), we held that the contractor's use of the qualifying word "approximately" to describe a requested amount was insufficient. Likewise, in *Freeport Techs., Inc.*, ASBCA No. 56665, 10-2 BCA ¶ 34,492 at 170,128, we held that including unspecified amounts "TBD" (to be determined) is not a sum certain. Similarly, in *Northrop Grumman Sys. Corp. Space Sys. Div*, ASBCA No. 54774, 10-2 BCA ¶ 34,517 at 170,233, we held that an alternative claim for an amount "in excess of" the stated monetary amount was not stated in a sum certain.

Indeed, appellant's own description of the difficulties in establishing a sum certain underscores the necessity of this requirement. Appellant does not contend that a sum certain may be ascertained from documents it submitted with its claim. Rather, appellant cites Korean labor law, the depreciation of investments, and the inherent difficulty in estimating lost profits due to the "requirement portion" of the contract (app. br. at 4). These complexities highlight why a vague or open-ended demand

9

is unacceptable; it prevents the contracting officer from accurately assessing the government's potential liability and hinders any meaningful settlement discussions.

We have also held on multiple occasions that this exact "no less than" qualifying language is not a sum certain for purposes of the CDA. In *Sandoval Plumbing Repair, Inc. d/b/a/ Sandoval Constr. Co.*, ASBCA No. 54640, 05-2 BCA ¶ 33,072 at 163,933, we held that appellant's request for damages "in an amount of no less than" a specific amount rendered the request too uncertain. Likewise, in *Atl. Indus., Inc.*, ASBCA No. 34832, 88-1 BCA ¶ 20,244 at 102,472, we observed that a request for an amount "not less than" was not a sum certain.

Therefore, because appellant's claim fails to state a sum certain, and fails to include documents from which a sum certain may be ascertained, it must be dismissed without prejudice to allow for refiling with a proper claim.

CONCLUSION

The Board lacks jurisdiction over the portion of appellant's claim seeking specific performance compelling the exercise of a contractual option. Accordingly, the government's motion relating to that portion of the appeal is granted. The government's motion to dismiss appellant's monetary claim for failure to state a claim due to the lack of a sum certain is granted. We dismiss the appeal without prejudice to allow appellant to refile a proper claim with the contracting officer.

Dated: August 13, 2025

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63587, Appeal of Samho Enterprise, rendered in conformance with the Board's Charter.

Dated:  August 13, 2025

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals